From The United States District Court for Illinois Southern District
To
United States 7th Circuit Court of Appeals

| | |
|---|---|
| ARTHUR L. STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT LOPINOT,<br>TIMOTHY WILSON JR, HIS ATTORNEY,<br>FRIENDS, FAMILY AND ASSOCIATES,<br>GENERALLY, THE ST. CLAIR COUNTY<br>COURT AND THE JUDGES THEREOF: C.<br>JOHN BARACEVIC, THE ILLINOIS STATES<br>ATTORNEY: JANET HORMBERG, THE<br>ST. CLAIR COUNTY TRUSTEE COMMITTEE:<br>MARK KERN, THE ILLINOIS DEPARTMENT<br>OF HEALTHCARE AND FAMILY SERVICES:<br>FELICIA NORWOOD, THE ILLINOIS OFFICE<br>OF EXECUTIVE INSPECTOR GENERAL:<br>MAGGEE HICKEY, AND/OR ANTOINETTE A.<br>KWATENG, ILLINOIS GOVERNOR: BRUCE<br>RAUNER, *(INDIVIDUALLY AND/OR IN THEIR<br>OFFICIAL CAPACITY)* INGRID WILLIS, THE<br>PEOPLE OF THE STATE OF ILLINOIS,<br>GENERALLY, RICHARD WATSON, AND THE<br>ST CLAIR COUNTY SHERIFF'S DEPARTMENT<br>*(INDIVIDUALLY AND/OR IN HIS OFFICIAL<br>CAPACITY),*<br><br>Defendants. | 16-cv-991-JPG-PMF |

PLAINTIFF'S MEMORANDUM TO SUPPORT HIS FRCP RULE 59 MOTION AND TO FURTHER CLARIFY STATUS AND EFFECT OF ALL PRIOR NOTICES OF APPEAL, OR IN THE ALTERNATIVE, SEE THE ATTACHED NEW NOTICES OF APPEAL

I. BACKGROUND

By way of background, Arthur, the Defendant-Counter-plaintiff, and, *"Plaintiff"* as to the #16-678 District Court, and Plaintiff as to the subsequent transferred case from St Clair County Illinois *"State court,"(Case No., 16-OP-663)*, filed notices of appeal on or about August 16th 2016. Then, on or about August 18, 2016, he filed a motion directed to "the Federal Circuit," seeking to give the District Court a chance to make an affirmative pass by way of grant or denial, and/or any reasoning to support its decision. Arthur hoped to preclude any Notices of Appeal from being negated, or from making necessary the filing of any new notices of appeal. He also hoped that a motion addressed to "the Federal Circuit" would authorize the Reviewing Court to act thereupon, as provided for within the broad context of *Harris v. Nelson, U.S. Cal. 1969, 89 S.Ct. 1082, 394 U.S. 286, 22 L.Ed.2d 281, rehearing denied 89 S.Ct. 1623, 394 U.S. 1025, 23 L.Ed.2d 50.*).

In a document attached to Amended Docketing statement, Arthur, in attempt to clarify (B)(2)(b) of said Docketing Statement. He states that new claims *(allegations)* either had, and/or would "likely accrue *(arise)* after one or more of the orders appealed from were issued." On Monday August 22nd 2016, the Alleged Wilson appeared at Arthur's homestead with a sheriff's deputy and began evictions based on and order that Arthur sought to reconsider *(e.g. Doc.1 opened case #16-610, not the removal notice.)* Generally, Doc. 1 is an automatic stay of the enforcement of the May 31st Order, entered by the State court, which would be appealable, had it been entered by the District Court. *(See attached copy of May 31st 2016 order of State court.)* The District Court's July 22ns 2016 remand order (Doc. 9) is of no consequence as to Doc.1. And, generally, motion to reconsider *(Doc. 14)* and/or Notice of appeal *(Doc. 15)* are what keep the automatic stay in effect. The District Court entered four electronic orders after it alleges to have remanded the case *(16-610)* back to State court: Docs. 13, 18, 28 and 25. Those orders do not affect appellate jurisdiction over the transferred case; yet, they do require clarification. The electronic striking of Doc. 12 may have adverse effect, seeing that Doc. 1, not Doc. 5., determines appellate jurisdiction. Moreover, *(Doc.28)* Notice of Errors and/or Deficiencies may be a surreptitious denial of Doc.1. it then seems to have the effect of undermining the notice of appeal, (Doc. 15) while striking out Arthur's request for extension of time. *(Doc. 12.)*

But, apart from all that, Arthur filed a new action for injunctive relief in the State court to restore him to possession of his homestead, and to prevent further degradation of the protected status of the case pending a full/fair hearing in the Federal Circuit. Arthur, *(being unable to access the District Court law library from on or about 8/22/16- 8/27/16 and having access to the State court library, and, having a pressing need for access to his homestead )* filed with the State court for relief that may and should have issued on the same day *(August 25th 2016)* that he applied for it. The denial of injunctive relief, not unlike the enforcement of the non-final May 31st 2016 order comprise a Federal question under U.S.C.A. Const. Amend. 14, 18 U.S.C.A. § 241 and/or 242, and/or § 3771 of the U.S. Code. Rule 59 provides a "vehicle" for the transfer of

such cases to the Federal Circuit. The former of the two cases contain a Federal question within the four corners thereof.

## II. ISSUES

1. Propriety of Rule 59 Motion to Reconsider State Court denial of Injunctive Relief

2. Whether the Flexibility of FRAP Rules allow Interlocutory consideration of Motion to reconsider, or, the drawing of an inference of a District Court pass on Motion to Reconsider, to achieve FRCP Rule 1 Objectives

## III. ARGUMENTS

Arthur Respectfully submits to the Federal Circuit that his right to fair and impartial access to the Courts is absolute, and so is this Court's affirmative *(non discretionary)* duty to provide that access. To support his Argument, he relies on the language of <u>Harris v. Nelson</u>, *U.S. Cal. 1969, 89 S.Ct. 1082, 394 U.S. 286, 22 L.Ed.2d 281, rehearing denied 89 S.Ct. 1623, 394 U.S. 1025, 23 L.Ed.2d 50.* ) The court in <u>Nelson</u> (under 28 U.S.C.A. § 1651) held that *(Where[…] state prisoner's petition show reason to believe that petitioner may […] be able to demonstrate he confined illegally, and is therefore entitled to relief, it is duty of court to provide necessary facilities and procedures for adequate inquiry[…] as appropriate, whether […]in civil or criminal rules or elsewhere.')* Fed.R.Civ.Proc. Rule 59 provides for the transfer of Federal question cases from State court to the Federal Circuit as put forth in <u>Johnston v. Tampa Sports Authority</u>, *M.D. Fla. 2006, 442 F.Supp.2d 1257*. The underlying FE&D case *(Forcible Entry &Detainer)* raises a Federal question, where the 7th Circuit is concerned. See <u>Matter of Williams</u>, *C.A.7 (Ill.) 1998, 144F.3d 544.*, at 735 ILCS 5/9-101. *(e.g. That, "Sole issue governed by Illinois Forcible Entry and Detainer Act is possession.")(e.g. U.S.C.A. Const. Amend. 14.)* The 7th Circuit in <u>Financial Services Corp. of Midwest v. Weindruch</u>, *C.A.7(Ill.) 1985, 764 F.2d 197.*, held in relevant part that *"Order granting injunction, based on oral findings of fact and conclusions of law, was a "judgment" within meaning of Federal Civil Rule 59(e)[…]."* State court denied Arthur any injunctive relief, but the decision is still a "judgment" within the context of FRCP Rule 59, wherefore, Arthur seeks an accelerated reconsideration from within the

Federal Circuit. *Financial Services Corp. of Midwest v. Weindruch,* C.A.7(Ill.) 1985, 764 F.2d 197.

Rule 4 of the Appellate Procedure provides that under certain circumstances, *(not invariably)* a parties' notice of appeal may be inadvertently undermined by the filing of a subsequent motion, after filing notice of appeal. (e.g. *Matter of Cobb,* C.A.5 (Tex) 1985, 750 F.2d 477. *Cobb* notwithstanding, Arthur has "new" allegations and/or newly discovered evidence that may or may not require being passed on by the District Court. The 7th Circuit in *Steber v. Kohn,* C.C.A. (Ill.) 1945, 149 F.2d 4 was authorized to grant leave to file notice of appeal after *"denial of second motion for new trial,"* where new evidence was reason for second motion. Multiple motions and otherwise untimely and/or negated notice of appeal would not divest appellate jurisdiction where fraud, among other things made subsequent filings and/or hearings necessary in district court. See *Swam v. U.S,* C.A.7 (Ill.) 1964, 327 F.2d 431, certiorari denied 85 S.Ct. 98, 379 U.S. 852, 13 L.Ed.2d 55. In the case at hand, and those giving rise to it, *(e.g. 15-Lm-959 and/or 15-Lm-1379)* and the several that have arose as the result are fraud by officers of the court who entered default and orders that make allegations, *(e.g. that parties agreed to dismiss #959, among others)* that *simply* are not true, and/or conflict with Illinois and Federal laws. Best evidence is that Arthur is herein hated and sought to be punished for having an unrelenting faith in his God and in the judiciary, and that right will someday prevail. *Swam v. U.S,* C.A.7 (Ill.) 1964, 327 F.2d 431, certiorari denied 85 S.Ct. 98, 379 U.S. 852, 13 L.Ed.2d 55.

It appears that FRAP Rule allows a Reviewing Court to intervene so as to expand or contract the point at which Appellate jurisdiction should be exercised after notice of appeal is succeeded with motions filed in the district court. See *Garratt v. Knowles,* C.A.7 (Ill.) 2001, 245 F.3d 941 (28 U.S.C.A. § 1291) *"[...] finality requirement [...] should be applied practically, rather than technically."* In *Advent Electronics, Inc. v. Buckman,* C.A.7 (Ill.) 1997, 112 F.3d 267., the 7th Circuit held that *"District court's violation of procedural rule requiring every judgment to be set forth on separate document is not necessarily jurisdictional; such rule is jurisdictional in sense that it determines point at which time for appeal begins to run, however, it is not to be so rigidly enforced that parties may not waive it"* In other words, if Arthur desires to forego a pass by the District Court, *(seeing that it has alleged not only lack of jurisdiction, but has (defacto) reviewed Arthur's State court victories on his motion to dismiss and receiving*

4

*grant of IFP status therein, in spite of saying it has no jurisdiction)* well, <u>Advent Electronics, Inc. v. Buckman,</u> *C.A.7 (Ill.) 1997, 112 F.3d 267., provides that he ought to be able to forego a District Court pass.* <u>Advent Electronics, Inc. v. Buckman,</u> *C.A.7 (Ill.) 1997, 112 F.3d 267.* FRAP Rule 27 provides for Appellate jurisdiction to entertain motions to reconsider. *See* <u>U.S. v. Christy</u> *C.A.4 (N.C) 1993, 3 F.3d 765. (Appellate court authorized to remand to below court for hearing of motion to reconsider, on motion of appellant, and, appellant had option of ruling by Appellate court, or by District court.) See Also* <u>Marcaida v. Rascoe,</u> *C.A.5 (Tex) 1978, 569 F.2d 828. (*<u>Marcaida</u> *Provides for the grant and/or denial, as it were, of a procedural motion without awaiting a response in contemplating a prompt response by the Court.)* Arthur requests an Appellate ruling on this motion and requires a prompt response so as to prevent further degradation of status of case pending a mandated ruling in his favor on the law and/or the merits of the enclosed cases. <u>U.S. v. Christy</u> *C.A.4 (N.C) 1993, 3 F.3d 765;* <u>Marcaida v. Rascoe,</u> *C.A.5 (Tex) 1978, 569 F.2d 828.*

Rule 59(e) provides for calling to the Court's attention of "errors..." and for the correcting of same. *See* <u>Sosebee v. Astrue</u>, *494 F.3d 583, 589 (7th Cir. 2007)*. Not unlike <u>Sosebee,</u> errors are present in this <u>Stanley</u> Court that need to be directed to this Court's attention and corrected. <u>Sosebee v. Astrue</u>, *494 F.3d 583, 589 (7th Cir. 2007)*.

## CONCLUSION

Appellate jurisdiction is proper to entertain Rule 59 motion. Alternatively, the District Court should pass on this motion without negating Notices of Appeal, and/or Arthur should be allowed to file a late appeal, and request that all Memorandums be transmitted with the record on appeal, along with all records from the State court in # 15-Lm-959 and 15 Lm-1379.

## MOTION

COMES NOW THE PLAINTIFF, Arthur Stanley pro se and moves this Court to reconsider the State court's denial of injunctive relief in the No. 16-OP-663 case, a copy of which attached hereto.

5

Wherefore, Arthur respectfully prays that his motion be granted and for said and other relief that the Federal Circuit deems just. .

## CERTIFICATE OF SERVICE

Counter-Petitioner hereby certifies that August 29 2016 a copy of the attached instrument was sent by first class mail to Thomas Benedict at 1004 S. Lincoln Ave., Ste. 12, O'Fallon, Il. 62269.

BY: _____
Arthur Stanley
~~2918 Trendley Ave~~
~~E St. Louis, Il. 62207~~
~~(618) 671-9217~~

4701 Bond Apt 501
Centreville, IL. 62207